UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERIC KIRMER                                          CIVIL ACTION

VERSUS                                               NO. 11-69

GOODYEAR TIRE & RUBBER CO.                           SECTION "C" (2)

# REPORT AND RECOMMENDATION

Plaintiff Eric Kirmer's motion for attorneys' fees, Record Doc. No. 117, has been referred to me. Record Doc. No. 119. Defendant filed a timely written opposition memorandum. Record Doc. No. 121. Having considered the written submissions of the parties, the record and the applicable law, and for the following reasons, I recommend that the motion be dismissed without prejudice, subject to an accompanying order preserving plaintiff's claims and extending the time during which plaintiff must file his renewed motion for attorneys fees to fourteen (14) days after the entry of a final judgment addressing <u>all</u> claims asserted in this action, following proceedings to be conducted in this court when the pending appeal is completed.

On April 24, 2012, the presiding district judge entered an Order and Reasons addressing the parties' motions for summary judgment. Record Doc. No. 102. The order granted defendant's motion in part, resulting in dismissal of several of plaintiff's claims; granted plaintiff's motion as to a single claim on which applicable state law permits recovery of attorneys' fees; and denied both motions in part, reserving for jury trial the

issue of whether defendant acted in bad faith. Resolution of that final claim may result in an additional award of penalty wages and related attorneys' fees. The district judge subsequently certified her order as a partial final judgment pursuant to Fed. R. Civ. P. 54(b), and plaintiff filed a notice of appeal. Record Doc. Nos. 113, 118. The appeal is currently pending in the United States Court of Appeals for the Fifth Circuit.

Plaintiff filed this motion on the day before he filed his notice of appeal, explaining: "Because Rule 54(d)(2) mandates that a party seeking an award of attorneys fees must file a motion for those fees within 14 days of the entry of a final judgment, Plaintiff has filed the instant motion out of an abundance of caution to preserve his claim for these fees. . . ." Record Doc. No. 117-1 at p. 3. Plaintiff's motion papers note, however, that a determination of the amount of his recoverable fees is premature, since both the claim that has not yet been adjudicated and some claims that are the subject of the pending appeal may result in recovery of additional attorneys' fees. He prudently suggests that the court defer determination of the attorneys' fees claim until a complete final judgment is entered after the appeal and further proceedings in this court are completed. Thus, he has not yet submitted any statements for attorneys' time, affidavits of his lawyers or other evidence from which a fee calculation might be made, as required by Local Rule 54.2.

Defendant's opposition memorandum correctly notes that it cannot evaluate plaintiff's claim for attorneys' fees without evidence of what those fees might be. In light of the pending appeal and the unresolved claim that remains for determination in this court, defendant also suggests that the court "defer the issue of attorneys' fees until this matter is completely concluded." Record Doc. No. 121 at p. 1.

I agree with the parties that resolution of the attorneys' fees claim, especially any determination of the amount of attorneys' fees that plaintiff might be entitled to recover, should be deferred until this case is concluded in its entirety. The Federal Rules of Civil Procedure provide a mechanism by which determination of this claim may be deferred without risk to plaintiff that his claim might arguably be waived by untimely assertion.

Fed. R. Civ. P. 54(d)(2)(B) requires that a motion for attorneys' fees must be filed no later than fourteen (14) days after the entry of judgment, "[u]nless . . . a court order provides otherwise, . . " (emphasis added). In this case, although a Rule 54(b) partial final judgment has been entered establishing liability as to one claim for which plaintiff is entitled to recover attorneys' fees, both the pending appeal and the further proceedings in this court which the court has reserved for a later jury trial may result in circumstances under which plaintiff is entitled to additional attorneys' fees. It is clear that plaintiff filed this motion merely to avoid any risk that he might waive his attorneys' fees claim by failure timely to assert it, after the Rule 54(b) partial final judgment was entered. It is

equally clear, however, that both judicial economy and time and cost efficiencies for the parties will best be served by deferring resolution of the amount of attorneys' fees that plaintiff may be entitled to recover until this case is concluded in its entirety. A court order under Rule 54(d)(2)(B) extending the time in which plaintiff must file his motion for attorneys' fees should accomplish both preservation of plaintiff's claim and economy of action for the court and the parties.

## RECOMMENDATION

Accordingly, for all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's current motion for attorneys' fees be **DISMISSED WITHOUT PREJUDICE as premature,** with full preservation of plaintiff's attorneys' fees claims and subject to an order pursuant to Fed. R. Civ. P. 54(d)(2)B) extending the time in which he must file a motion for his attorneys' fees as to all claims in this case, through and including fourteen (14) days <u>after</u> entry of a final judgment fully adjudicating <u>all</u> claims in this court, following conclusion of the pending appeal.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___6th___ day of June, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE